**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RYAN RODRIGUEZ, on behalf of himself and all others similarly situated; REENA B. FRAILICH, on behalf of herself and all others similarly situated; JENNIFER BRAZEAL; LOREDANA NESCI; LISA GINTZ,<br><br>           Plaintiffs - Appellees,<br><br>   v.<br><br>WEST PUBLISHING CORPORATION, a Minnesota corporation, DBA BAR/BRI,<br><br>           Defendant,<br>   And<br><br>GEORGE SCHNEIDER, Class Member; JONATHAN M. SLOMBA, Class Member; JAMES PUNTUMAPANITCH, Class Member; JUSTIN HEAD; RYAN HELFRICH,<br><br>           Objectors,<br><br>   and<br><br>KENDRICK & NUTLEY; LAW OFFICES OF JOHN J. PENTZ; SCOTT | No. 13-55222<br><br>D.C. No. 2:05-cv-03222-R-Mc<br><br>MEMORANDUM[*] |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

KESSINGER, Attorney at Law,

Appellants.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted March 4, 2015
Pasadena, California

Before: GOULD and TALLMAN, Circuit Judges and KORMAN,[**] Senior District Judge.

Appellants, counsel for a group of objectors to a nationwide class action settlement, appeal from the district court's award of attorneys' fees. They contend that the district court abused its discretion and disobeyed our mandate in *Rodriguez v. Disner*, 688 F.3d 645 (9th Cir. 2012) when it awarded fees using the lodestar method. Instead, they argue, our prior decision bound the district court to award a percentage of the benefit conferred upon the class by Appellants' action. Alternatively, they contend that the district court erred in applying the lodestar method, both by excluding certain claimed time, reducing the lodestar amount to $315,516.37, and by applying a 0.75 multiplier (i.e., a twenty-five percent

---

[**] The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

-2-

reduction) to the adjusted lodestar amount, further reducing the ultimate fee award to $236,637. We conclude that the district court did not abuse its discretion in choosing the lodestar method, or in its reduction of Appellants' lodestar hours. But we agree with Appellants that the district court erred by further applying the 0.75 multiplier to the adjusted lodestar amount. We reverse the district court's award and remand with instructions to award attorneys' fees of $315,516.37, the lodestar amount, after the district court subtracted time entries that it thought did not contribute to the successful objection to class counsel fees, or that it thought too tangential to that success.

The district court was well within its discretion to choose the lodestar method to calculate Appellants' fee award, rather than awarding a percentage of the benefit conferred to the class. Appellants point to particular language in our previous *Rodriguez* opinion, in which we remanded to the district court "to calculate the appropriate amount of attorneys' fees that should be awarded to [Appellants] in light of the benefit they conferred on the class," to argue that we had directed the district court to award fees as a percentage of that benefit. 688 F.3d at 659. But that statement only highlighted the basis for Appellants' eligibility to get fees, in contrast to the other groups of ineligible objectors. We did not "explicitly or by necessary implication" decide the issue of *how* to calculate

fees, and the district court was free to exercise its discretion in deciding the issue. *In re Beverly Hills Bancorp*, 752 F.2d 1334, 1337 (9th Cir. 1984). Because there was no requirement in our mandate about how to set fees, the decision to use the lodestar method was firmly committed to the district court's discretion. *See In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994) ("[I]n common fund cases, no presumption in favor of either the percentage or the lodestar method encumbers the district court's discretion to choose one or the other.").[1]

We next address the district court's calculation of the lodestar fee. "We generally give broad deference to the district court's determinations on fee awards because of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Rodriguez*, 688 F.3d at 653 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)). The party seeking fees must show that the fees and costs were reasonably necessary to achieve the results obtained, and the district court has the discretion to "exclude from this initial fee calculation hours that were not reasonably expended."

---

[1]While we have previously explained this discretion in the context of awarding class counsel's fees, we have noted that "objectors may claim entitlement to fees on the same equitable principles as class counsel." *Rodriguez*, 688 F.3d at 658. We decline to create a distinction between class and objector's counsel on fee calculation.

*Hensley*, 461 U.S. at 433–34 (internal quotation marks omitted). Given this broad discretion, and our own review of the record, we cannot say that the district court's decision to eliminate hours for work which in its judgment did not benefit the class was an abuse of discretion.

Had the district court's analysis ended here, we would have simply affirmed. But the district court also applied a 0.75 multiplier to the lodestar, reducing the fee ultimately awarded by twenty-five percent. We still review use of such a multiplier for abuse of discretion. "There is a strong presumption that the lodestar figure represents a reasonable fee. Thus, although a court can adjust the lodestar upward or downward based on certain factors, adjustments are the exception rather than the rule." *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002) (internal citations and quotation marks omitted). In the circumstances of this case, we conclude that neither of the district court's proffered explanations—that this was a "matter which had little risk" for Appellants, or that "independent analysis of the legal and ethical issues" performed by the district court and our prior panel limited Appellants' beneficial contributions—has sufficient support in the record to warrant the district court's adjustment.

On this basis we reverse the district court's award of $236,637 in attorneys' fees to Appellants. On remand, the district court is instructed to award

$315,516.37 in fees, representing its original, unadjusted calculation of Appellants'

lodestar.

**REVERSED and REMANDED with instructions.**